**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1086
_____

CIANA EVANS
                                    Appellant

v.

SCHOOL DISTRICT OF PHILADELPHIA
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-22-cv-1410)
District Judge:  Honorable Mark A. Kearney
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 25, 2024

Before:  RESTREPO, MATEY, and MCKEE, *Circuit Judges*

(Filed: September 16, 2024)
_____

OPINION*
_____

---

* This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge.*

Appellant Ciana Evans appeals from the District Court's grant of summary judgment in favor of appellee, her former employer, the School District of Philadelphia ("District" or "School District"), on Evans' race and sex discrimination claims and retaliation claims for employment termination following alleged protected activity.[1] The District Court concluded that Evans failed to adduce evidence of a prima facie case of race or sex-based discrimination or retaliation, and that, in any event, Evans failed to show the District's articulated legitimate, non-discriminatory reason for its action was a pretext. For the reasons that follow, we affirm.

I.

The District hired Evans with an effective start date of August 24, 2020. Evans did not have a teaching certification, and she was working on an emergency permit. An emergency permit is issued when no certified applicant is available. Evans participated in the Peer Assistance and Review Program, which was created under a collective bargaining agreement by the School District and Evans' Union, the Philadelphia Federation of Teachers.

---

[1] Evans brings her claims under Title VII of the Civil Rights Act and 42 U.S.C. § 1981. The same analysis applies for claims under Title VII and § 1981. *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017).

Leslie Strothers was assigned to be Evans' consulting teacher, and this role is meant for observation, supervision, implementation of professional development, and ultimately recommendation for retention or dismissal to the Peer Assistance Review Panel.[2] Based on her observations, Strothers ultimately recommended to the Panel that Evans be dismissed. Evans conceded that she did not think Strothers made that recommendation because of race.

Throughout the school year, Evans also received multiple "Needs Improvement" and "Unsatisfactory" ratings based on informal observations from two other evaluators: Assistant Principal Sheree Howard and Principal Betsaida Ortiz. In Howard's informal observation, Evans received ratings of "Needs Improvement" and "Unsatisfactory" in different domains, with an overall "Needs Improvement" rating. Evans conceded that she did not believe Howard's evaluation of Evans' teaching performance was discriminatory based on race or sex.

In Principal Ortiz's informal observation, Evans also received ratings of "Needs Improvement" and "Unsatisfactory" in different respective domains, with an overall "Needs Improvement" rating. Following Principal Ortiz's informal observation, Evans

---

[2] The Panel is made up of four School District representatives and four Union representatives.

filed a grievance with the Union. However, Evans did not produce this document in response to the School District's discovery request.

Principal Ortiz conducted a formal observation of Evans's performance on May 21, 2021, and performance ratings included "Needs Improvement" in seven areas. Following the formal observation and subsequent "Needs Improvement" ratings, Principal Ortiz recommended to the Peer Assistance and Review Panel that Evans be dismissed from employment. While Principal Ortiz could recommend termination, she did not have the authority to terminate Evans. The Panel, on which Principal Ortiz is not a member, rated Evans' performance as "Unsatisfactory" and unanimously recommended that employment be terminated. On June 8, 2021, the Administration of the School District notified Evans that it had recommended her for termination.

Following the Panel's unanimous recommendation for termination, on or about June 25, 2021, Evans filed a complaint of discrimination and harassment with the School District's Office of Employee and Labor Relations ("ELR"). In response to the complaint, ELR conducted an investigation and report that detailed statements from other employees related to the conduct of Principal Ortiz. The report found that "Ortiz created an antagonistic environment for [the School] employees of various races and ethnicities during the 2020-2021 school year." Appx. 718. However, with regard to Evans' allegations of discrimination against Ortiz, the report "did not find evidence of a pattern and practice of Ortiz discriminating against women of color," *id.*, and further concluded

4

that there was "insufficient evidence to establish that Ortiz's treatment of [the School's] employees was discriminatory based on race, sexual orientation, or any other protected category," *id.*

In the District Court, Evans alleged the School District illegally terminated her because of her race, sex, and disability and in retaliation for complaints of discrimination and harassment.[3]  Evans appeals from the District Court's grant of summary judgment in the School District's favor.

## II.[4]

We exercise plenary review of a grant or denial of summary judgment.  *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 557 (3d Cir. 2008).  Summary judgment is required where there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Evans, as the party opposing summary judgment, must produce sufficient evidence in the record for a jury to reasonably find in Evans' favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also* Fed. R. Civ. P. 56(c)(1)(A)–(B).

## III.

---

[3] Although Evans alleged discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Evans withdrew that claim prior to the Court's grant of summary judgment.

[4] The District Court had federal question jurisdiction over Evans' claims pursuant to 28 U.S.C. § 1331, and we have appellate jurisdiction under 28 U.S.C. § 1291.

We analyze Evans' employment discrimination and retaliation claims using the framework applied in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999). To survive summary judgment in a discrimination case, a plaintiff must offer evidence to both shift the burden to the employer and demonstrate that the employer's reasons for the adverse employment action were pretextual. *McDonnell Douglas*, 411 U.S. at 802. If the plaintiff can establish prima facie evidence, the burden then shifts to the defendant to offer "some legitimate, nondiscriminatory reason for the employee's rejection." *Jones*, 198 F.3d at 410 (quoting *McDonnell Douglas*, 411 U.S. at 802). If the defendant meets this burden, the plaintiff then has an opportunity to prove by a preponderance of the evidence that the reasons offered by the defendant were not true reasons, but a pretext for discrimination. *Id.* Despite this burden-shifting methodology, the ultimate burden of persuading the trier of fact that the defendant discriminated against the plaintiff "remains at all times with the plaintiff." *Id.* (citing *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)).

A prima facie case is established when a plaintiff shows: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for the position; (3) plaintiff suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *McDonnell Douglas*, 411 U.S. at 802.

6

The School District concedes that each of the first three elements are met, but it argues Evans is unable to satisfy the fourth element: that the employment termination occurred under discriminatory circumstances. To determine whether discriminatory circumstances are present, we have looked for comparisons to similarly-situated employees. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 170 (3d Cir. 2013). When similarly-situated comparisons are not present, the employee must "establish some causal nexus between [the plaintiff's] membership in a protected class" and the adverse employment action. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003). Evans does not offer any evidence indicating that employees were in comparable situations in terms of performance ratings, informal observations, or formal observations. Further, the investigative report fails to link Principal Ortiz to a pattern or practice of discrimination based on race, sexual orientation, or any other protected category. The District Court correctly determined that Evans failed to identify facts sufficient to establish a prima facie case of race or sex-based discrimination.

Even assuming that Evans could establish a prima facie case, her discrimination claims are unable to survive summary judgment. The second prong of the test requires "the defendant to articulate a legitimate nondiscriminatory reason of the adverse employment action at issue." *Jones*, 198 F.3d at 412. As Evans acknowledges, and we agree, the School District has articulated a legitimate, non-discriminatory reason for terminating Evans – unsatisfactory performance.

7

The third and final prong of the *McDonnell Douglas* framework focuses on whether there is "sufficient evidence from which a jury could conclude that the purported reasons for defendant's adverse employment actions were in actuality a pretext for intentional . . . discrimination." *Jones*, 198 F.3d at 412. A plaintiff "must convince the finder of fact '*both* that the reason was false, and that discrimination was the real reason.'" *Id.* at 412-13 (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 515). Under this part of the analysis, Evans' brief directs the Court to the evidence associated with the prima facie part of the test.

If the evidence offered by the plaintiff as part of a prima facie case is sufficient "to discredit the defendant's proffered reasons, to survive summary judgment the plaintiff need not also come forward with additional evidence of discrimination beyond his or her prima facie case." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Here, however, Evans has failed to show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them unworthy of credence, and hence infer that the employer did not act for [the asserted] non-discriminatory reasons." *Id.* at 765 (citation and internal quotation marks omitted). Evans cannot survive summary judgment based on the first and third prongs of the *McDonnell Douglas* framework.

IV.

"Title VII makes it unlawful for an employer to retaliate against an employee 'because [the employee] has opposed any practice made an unlawful employment practice by this subchapter . . . .'" *Kengerski v. Harper*, 6 F.4th 531, 536 (3d Cir. 2021) (quoting 42 U.S.C. § 2000e-3(a)).  We apply the *McDonnell Douglas* framework to Evans' retaliation claims.  *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015).  Under this framework, the plaintiff must first establish a prima facie case by showing: (1) that the plaintiff engaged in a protected employee activity; (2) adverse action by the employer; and (3) a causal connection between the protected activity and the employer's adverse action.  *Id.*  Once the introductory burden is met, the burden shifts and the employer must "present a legitimate, non-retaliatory reason for having taken the adverse action."  *Id.*  Next, the burden shifts back to the plaintiff to show that the employer's explanation was false and the real reason for the adverse employment action was retaliation.  *Id.*

The District Court correctly found that Evans did not establish the first and third parts of the prima facie test due to Evans' lack of evidence of engaging in a protected activity and that a causal connection exists between any such activity (assuming it was protected) and the termination of employment.  We agree with the District Court that there is a lack of evidence that protected activity occurred for purposes of Evans' retaliation claim since the evidence offered by Evans was not sufficiently related to complaints about the conduct that is protected.  *See Kengerski*, 6 F.4th at 537.  However,

9

assuming that Evans engaged in protected activity, we agree with the District Court that she failed to establish a causal connection. Avenues to establish causation include: (1) "unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action"; (2) "a pattern of antagonism coupled with timing"; and (3) implication by the record as a whole. *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 361-62 (3d Cir. 2021) (internal quotation marks omitted). Here, the timing, evidence offered for a pattern of antagonism combined with the timing, and the entire record, cannot support a finding by a reasonable factfinder that the necessary causal connection is present between the alleged protected activity and the adverse employment action.

V.

For the foregoing reasons, we affirm.